UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1273 JVS (DFMx) | Date | November 4, 2015 |
| Title | Nagui Mankaruse v. Raytheon Company, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) **Order DENYING Plaintiff's Motion to Remand**

   Plaintiff Nagui Mankaruse ("Mankaruse") moves to remand this action to state court on the grounds that this Court lacks diversity jurisdiction. Mot., Docket Nos. 12. Defendant Raytheon Company ("Raytheon") opposes the motion. Opp., Docket No. 15. Mankaruse filed a reply. Reply, Docket Nos. 19-20.

   For the following reasons, the Court **denies** the motion.

**1.    Introduction**

   On July 7, 2015, Mankaruse filed an action against Raytheon and Does 1-100 in Orange County Superior Court, alleging various violations of California employment and anti-discrimination law. Not. of Removal, Ex. A, Docket No. 1-1 ("Compl."). Mankaruse seeks compensatory damages for lost income, employment, career opportunities, and benefits; punitive damages; and attorney's fees. See Compl. ¶ 44-46.

   On August 10, 2015, Raytheon removed the case to this Court under 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. Not. of Removal at 1, Docket No. 1.

   Mankaruse has now moved to remand this action to state court. Mot. at 2. In support of remand, Mankaruse argues that the Court lacks diversity jurisdiction for two reasons: (1) there is no evidence that the amount in controversy exceeds $75,000, and (2) there is no diversity because Mankaruse is domiciled in California and Raytheon's principal place of business is also in California. Mot. at 3-4.

**2.    Legal Standard on Motion to Remand**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1273 JVS (DFMx)                                    Date  November 4, 2015

Title  Nagui Mankaruse v. Raytheon Company, et al.

    2.1.    Removal to federal court.

    Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the original jurisdiction would lie in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). The removing party has the burden of showing removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removing party may accomplish this showing by submitting summary-judgment-type evidence. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations and speculative assertions are insufficient to meet this burden, however. See, e.g., Matheson, 319 F.3d at 1090-91; Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Regardless, the Ninth Circuit has directed that courts must "strictly construe the removal statute against removal jurisdiction," and that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    2.2.    Federal diversity jurisdiction.

    Under 28 U.S.C. § 1332, federal jurisdiction is proper if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

    There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). Complete diversity must exist when the complaint is filed and removal is effected. Strotek Corp v. Air Transport Ass'n of Amer., 300 F.3d 1129, 1131 (9th Cir. 2002).

    For diversity purposes, citizenship is established when a natural person is (a) a citizen of the United States and (b) domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). In contrast, a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-1273 JVS (DFMx)                    Date    November 4, 2015

Title    Nagui Mankaruse  v.  Raytheon Company, et al.

where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). "[I]n practice, it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

To satisfy the amount in controversy, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). As here, when it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

**3.    The Court has diversity jurisdiction over the action.**

  3.1.    There is complete diversity between Mankaruse and Raytheon.

To establish complete diversity, Raytheon must show diversity between Mankaruse's domicile, Raytheon's state of incorporation, and Raytheon's principal place of business. See 28 U.S.C. § 1332(a)(1), (c)(1). Raytheon argues that there is diversity because Mankaruse is domiciled in California, Raytheon's state of incorporation is Delaware, and Raytheon's principal place of business is Massachusetts. Opp. at 6-7. Mankaruse does not dispute that he is domiciled in California or that Raytheon is incorporated in Delaware. Mot. at 4. Rather, Mankaruse argues only that Raytheon's principal place of business is California (and not Massachusetts), thus destroying diversity. Mot. at 4-5.

Mankaruse is incorrect: Raytheon has sustained its burden in showing that Raytheon's principal place of business is Waltham, Massachusetts.[1] Specifically,

---

[1] In addition to Raytheon, Mankaruse has also sued fictitious defendants Does 1-100. Compl. at 1. But "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the Court does not consider the citizenship of Does 1-100 in determining diversity jurisdiction here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1273 JVS (DFMx) | Date | November 4, 2015 |
| Title | Nagui Mankaruse v. Raytheon Company, et al. | | |

Raytheon identifies 870 Winter Street, Waltham, Massachusetts 02451 as the location of its headquarters, and pleads that: (1) Raytheon's administrative and executive functions are based in Raytheon's Massachusetts office; (2) several of Raytheon's chief executives, including its CEO, CFO, CAO, and General Counsel, operate from the Massachusetts office; and (3) the Massachusetts office is "responsible for developing policies and protocols for Raytheon's global operations." Gasperini Decl. ¶¶ 5-7, Docket No. 16. Consistent with this declaration, an annual Raytheon SEC filing states that Raytheon's "[p]rincipal [e]xecutive [o]ffices" are located in Waltham, Massachusetts. Def.'s Req. for Judicial Notice, Ex. A, Docket No. 18 ("Def.'s RJN").[2] "Based on the totality of the above-referenced facts, the Court finds that Raytheon Company's principal place of business is in Waltham, Massachusetts." L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011).

In arguing that Raytheon's principal place of business is California, Mankaruse appears to have named the wrong Raytheon-related entity as a defendant: although Mankaruse's Complaint names the "Raytheon Company" as Defendant, his declaration filed in support of his remand motion suggests that Mankaruse seeks to instead bring claims against two separate Raytheon-related entities, Raytheon HTMS or Raytheon Network Centric Systems. See Mankaruse Decl. ¶ 3 ("Raytheon HTMS . . . is the Raytheon Company [sic] which is being attacked by this particular Complaint."); 6-7 ("Raytheon Company in Fullerton where I sent my Application is a California Corporation, its exact name is Raytheon Network Centric Systems, or in short, Raytheon NCS . . . . I was not working for nor have I ever worked for, or applied for an executive position, at Raytheon Company in Waltham, Massachusetts."), Docket No. 19.

In addition to the declaration, Mankaruse submits other evidence suggesting that he has named the wrong Raytheon-related entity as Defendant. For example, to show that

---

[2] In support of its opposition to Mankaruse's remand motion, Raytheon requests judicial notice of two documents: (1) Raytheon's Annual Report, Form 10-K for the fiscal year ended December 31, 2014, and (2) the California Secretary of State's Business Entity Detail for Raytheon. RJN at 1. Under Federal Rule of Evidence 201, the Court grants judicial notice of both documents in determining Mankaruse's remand motion. See Wynn v. Chanos, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014) ("SEC forms such as a Form 8-K or Form 10-K are matters of public record and may be subject to judicial notice."); Estate of Cartledge v. Columbia Cas. Co., 2012 WL 346470, at *2 (E.D. Cal. Jan. 31, 2012) ("Judicial notice of the business entity details is appropriate as both are public records.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1273 JVS (DFMx) | Date | November 4, 2015 |
| Title | Nagui Mankaruse v. Raytheon Company, et al. | | |

Raytheon's principal place of business is in California, Mankaruse attached to his declaration a California Secretary of State Business Entity Detail record which purports to show that Raytheon's business address is "1801 Hughes Drive, Fullerton, CA 92833." See Mankaruse Decl., Ex. B. But this record describes the business address for a "Raytheon Systems Holding Company LLC," and not named Defendant Raytheon. Id. In contrast, the California Secretary of State's Business Entity Detail record for Defendant Raytheon indicates that its business address is, in fact, "870 Winter Street, Waltham, MA, 02451." See Def.'s RJN, Ex. B (Business Entity Detail for Raytheon Company). Accordingly, the Court finds that Raytheon's principal place of business is in Massachusetts, and therefore complete diversity exists.[3]

    3.2.    The amount in controversy exceeds $75,000.

Mankaruse did not demand a specific amount of damages in his state court complaint. See, e.g., Compl. ¶ 44 ("Plaintiff has suffered lost income, employment, and career opportunities and suffered and continued to suffer other economic loss, the precise amount of which to be proven at trial."). "[W]here it is unclear or ambiguous on the face of a state-court complaint whether the requiste amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 102 F.3d at 404. To determine whether a party meets the jurisdictional damages threshold, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

Raytheon has established that it is more likely than not that the amount in

---

    [3] In any event, without more information about Raytheon's corporate structure (including information about Raytheon's incorporated subsidiaries and unincorporated divisions), the Court cannot determine whether it would have diversity jurisdiction over Raytheon-related entities not named as parties to Mankaruse's action. See Breitman v. May Co. of Cal., 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1273 JVS (DFMx)                    Date  November 4, 2015

Title  Nagui Mankaruse v. Raytheon Company, et al.

controversy exceeds $75,000. In its opposition to Mankaruse's remand motion, Raytheon provides a reasonable calculation of the damages that Mankaruse would be probably be awarded if he succeeds on his claims. Opp. at 3-5. Using specific numerical amounts, such as Mankaruse's expected salary as a Senior Principal Engineer ($99,5000 annually) and the period of time for which Mankaruse was alleged to have been deprived of that salary (two years, from July 2013 to July 2015), Raytheon showed that, considering Mankaruse's damages claims for lost salary alone, a conservative estimate of Raytheon's potential liability would be at least $75,000. See Tran Decl. ¶ 3, Docket No. 17. Combined with Mankaruse's additional damages request for lost career opportunities and benefits, as well as his request for both attorney's fees and punitive damages, Raytheon has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simmons, 209 F. Supp. 2d at 1031 ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.").

## 4.     Conclusion

For the foregoing reasons, the Court **denies** Mankaruse's motion to remand. The Court finds that oral argument would not be helpful in this matter, and therefore **vacates** the November 16th hearing. See Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

                                                                                     :      00

                                                  Initials of Preparer     kjt